In re CARLTON F. STOWE, INC., Debtor.

Bankruptcy No. CHP 11 79–24162.

United States Bankruptcy Court, W. D. New York.

Jan. 22, 1981.

---

Albright, Degnan, Pleckan, Schwartz & Sylvester, P. C. by Edward J. Degnan, Rochester, N. Y., for debtor.

Lacy, Katzen, Jones & Ryen by David D. MacKnight, Rochester, N. Y., for New England Farms.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

An objection to the claim of New England Farms was brought on by the debtor. A pretrial was held on the objection and it was not settled. As a result, it was put on the trial calendar and a partial trial was held.

In this Court, I have required the claimant to prove his claim first and then the person who is objecting to the claim to put on their case next. New England Farms called Mr. Baldwin, the truck dispatcher. He proceeded to give testimony about shipments of potatoes from New England Farms to the debtor, Carlton F. Stowe, Inc. His testimony was limited to getting into evidence the trip tickets showing delivery of potatoes. After he completed his testimony, Mr. Albert, the president of New England Farms, was put on the stand by the claimant and he testified at some length. Cross examination was begun by Mr. Degnan, counsel for the debtor, and as the time approached for the evening recess of Court, the parties were brought into Chambers and a discussion was had in an attempt to settle the case. No settlement of the dispute was made and Mr. Albert was directed to return the following day so Mr. Degnan could complete his cross examination. He was also directed to bring the books and records of New England Farms.

On the following day, October 16, 1980, at the time the Court was ready to continue the hearing, a telegram was received from Mr. Albert indicating that he was refusing to return and complete his testimony. At this point, Mr. Degnan moved to strike Albert's testimony and the testimony was stricken. At this point, except for a brief examination of Mr. MacKnight, the attorney for New England Farms, both sides rested.

From the pretrial and the documents on file, the Court is aware that the dispute between New England Farms and the debtor is not whether potatoes were delivered but how payment was to be made for the potatoes. The debtor in his moving papers contends that there was an agreement between Mr. Haley, president of New England Farms and 50% owner thereof, to pay off certain loans which had been made by the debtor to Mr. Haley in the amount of some $45,000.00. The debtor claimed that the one payment of $4,000.00 to New England Farms together with the $45,000.00 debt of the 50% partner in New England Farms constituted full payment for the potatoes.

The only proof that is before the Court is that potatoes were delivered and the case did not reach its conclusion as a result of the act of Mr. Albert in disobeying the

order of the Court to return to complete his cross examination and to produce books and records. The attorney for the debtor has moved the dismissal of the claim for failure of proof. Certainly, the trial ended abruptly because of the refusal of Albert, a 50% owner of the claimant, to testify and to produce books and records as ordered by the Court. The Court has been deprived of the opportunity of hearing both sides of the story because of the action of Mr. Albert, 50% owner of the claimant herein.

Therefore, under Rule 41(b) of the Federal Rules of Civil Procedure, which may be used in this type proceeding because of Rules 741 and 914 of the Rules of Bankruptcy Procedure, and which allows the Court to dismiss an action involuntarily, the claim of New England Farms is dismissed for want of prosecution, for failure to prove a prima facie case, in that there was no proof of contract or payments thereon, and for failing to obey the order of the Court to produce books and records and for Mr. Albert, an officer and owner of the claimant, to return to complete his testimony by permitting the defendant to cross examine him and it is so ordered.